**J. GRANT KENNEDY, ESQ., STATE BAR NO. 103698**
**THE LAW OFFICES OF J. GRANT KENNEDY**
**141 DUESENBERG DRIVE, SUITE 10**
**WESTLAKE VILLAGE, CA 91362-3489**
**PHONE: (805) 374-0010 FAX: (805) 374-0048**

**Attorney for Plaintiffs**
**Americans with Disabilities Advocates and**
**GEORGE S. LOUIE**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMERICANS WITH DISABILITIES ADVOCATES, a Nevada Nonprofit Corporation and GEORGE S. LOUIE**<br><br>Plaintiffs,<br><br>vs.<br><br>**AMERCO, a holding company for U-HAUL INTERNATIONAL, 2727 N. CENTRAL AVE, PHOENIX, AZ dba U-HAUL CENTER LIVERMORE, 3429 GARDELLA PLAZA, LIVERMORE, CA**<br><br>**DEFENDANT.** | Case No.:<br><br>**CIVIL RIGHTS**<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DISCRIMINATION AGAINST PERSONS WITH DISABILITIES; AMERICANS WITH DISABILITIES ACT OF 1990; CAL. CIVIL CODE §§54, ET SEQ.; CAL. CIVIL CODE §§51, ET SEQ.; CAL. CIVIL CODE § 3345;CAL. HEALTH & SAFETY CODE §§ 19955, ET SEQ.; CAL. BUS. & PROF. CODE §17200, ET SEQ.; NEGLIGENCE; DECLARATORY RELIEF; DAMAGES FOR PERSONAL INJURY**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

**1**. Plaintiffs complain of DEFENDANT herein and allege that: AMERICANS WITH DISABILITIES ADVOCATES is a Nevada Nonprofit Corporation organized with the principal purpose of helping to eliminate discrimination against individuals with disabilities by ensuring public facilities are in compliance with laws intended to provide access to housing, public

As a result of their disabilities, certain accommodations are necessary to allow AMERICANS WITH DISABILITIES ADVOCATES members access to public buildings, transportation, goods and services.

AMERICANS WITH DISABILITIES ADVOCATES is committed to serving the needs of all disabled people and fully support the Americans With Disabilities Act of 1990, California Disabled Persons Act and Unruh Civil Rights Act. AMERICANS WITH DISABILITIES ADVOCATES believe the goals and objectives of these laws will enhance the quality of our society; that the American economy will be made stronger by businesses that reach out to include all segments of the population; and that these laws ultimately help to invigorate the economy by bringing more individuals with disabilities into the consumer mainstream.

It is also AMERICANS WITH DISABILITIES ADVOCATES' belief that meaningful effort to do so will offer many more opportunities to participate fully in the economic and social mainstream. There can be no question that the American Disabilities Act, passed in 1990, established as law the nation's interest in eradicating the bigotry and barriers faced by individuals with disabilities 42 U.S.C. §12101 et seq (hereafter "ADA").  In fact, the ADA states its first goal as being "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."  See, 42 U.S.C. §12101 (b) (1) (1999).  The ADA creates possibility that successful plaintiffs may establish permanent changes in the design and physical configuration of structures to better accommodate the disabled 42 U.S.C. §12101 (A) (5).  The benefits of each changes clearly rebound not only to plaintiffs themselves, but also to similarly situated disabled persons, and the entire society at large.  As a result, plaintiffs or plaintiffs classes who bring and pursuant to the ADA do so in this role of "private attorneys general" who seek to vindicate "a policy of the highest priority" See, Christiansburg Garment Co v EEOC, 434 U.S. 412, 417, 98

S.Ct. 694, 698 (discussing ADA plaintiffs as private attorneys general); Rosenberg v Merill Lynch, Pierce, Fenner & Smith, Inc., 170 F.3d 1, 11 (1st Cir, 1999).

2. GEORGE S. LOUIE is the Executive Director of the AMERICANS WITH DISABILITIES ADVOCATES and is a physically disabled person who uses a wheelchair for mobility.

3. DEFENDANT owns, operates and/or maintains a public accommodation as U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE (hereinafter, collectively referred to as U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE located in the City of LIVERMORE, County of ALAMEDA, State of California.  This case arises out of DEFENDANT' failure to provide the minimum legally required access to its public accommodations for persons with disabilities.

4. U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE provides inadequate access to people with disabilities, including, **inter alia   EXTERIOR ROUTE OF TRAVEL.** Required accessible route of travel from public sidewalks/public transportation stops is not provided.  Wheelchair users must enter the site by way for vehicular driveways and travel in the vehicular way to reach the store entrance, required most practical, direct accessible routes of travel coinciding with the route for the general public. **[ADAAG 4.3.2;** *Title 24 1114B.1.2]* Signage, directing users to and along an accessible route of travel is not posted, required at every primary public entrance and every major junction along or leading to an accessible route of travel.  **[ADAAG 4.1.2(7), 4.30.1, 4.30.4] PARKING.** Required site entrance parking enforcement signage is not posted, required conspicuously posted/information filled in.  *[Title 24 1129B.5]*  There are two (2) accessible parking spaces o the site located at storage entrances.  **[ADAAG 4.6.1;** *Title 24 1129B.2*; *Table 11B-6]* Stall widths (8' 8"-8'9", required minimum 8' are adequate.  Lengths (17'5"-20'2", required minimum 18' and

access aisles (15'6"-9'7", required minimum 8' van-accessible, are adequate. The access aisle of the accessible parking space nearest the store entrance is on the wrong (driver's) side. **[ADAAG 4.6.3;** *Title 24 1129B.4]* Required parking *s*ignage is not posted. **[ADAAG 4.1.2(7)(a), 4.6.4, 4.30.7;** *Title 24 1129B.5]* **ENTRANCES and EXITS.** Required accessible signage is not posted, required at accessible entrances and approaching walkways. **[ADAAG 4.1.2(7)(c.);** *Title 24 1117B.5.7]* Door Opening Force (14 LBF) exceeds maximum permissible 8 ½ LBF (Exterior doors). **[ADAAG 4.13.11;** *Title 24 1133B.2.5]* Emergency exits from storage areas do not connect to an accessible route. **[ADAAG 4.3.10, 4.3.11;** *Title 24 1114B.2* **ACCESS TO GOODS AND SERVICES. Building Accessibility.** Store aisles are generally adequate width, required minimum 36" aisles serving one side/44" aisles serving both sides. *[Title 24 1133B.6.1, 1133B.6.2]* The service counter (3'9", maximum permissible 36") **[ADAAG** 7.2; *Title 24* 1110B.1] and Point of Sale card readers (4'5", maximum permissible 48", **[ADAAG 4.34;** *Title 24 1117B.7]* exceed permissible reach range. An accessible height check-writing stand is provided. There are no ground floor storage units. Storage areas are accessible by stairs only. **RESTROOMS, Single-Accommodation Toilet Room. [ADAAG 4.16, 4.17, 4.18, 4.19, 4.22, 4.24;** *Title 24 1115B]* Required accessible/Braille signage not posted, required door mounted and latch-side. **[ADAAG 4.1.2(7)(d), 4.30.7;** *Title 24 1115B.5, 1117B.5.9]* Force required to open restroom door (11 LBF), exceeds maximum permissible 5 LBF. **[ADAAG 4.13.11;** *Title 24 1133B.2.5]* Door hardware is grasp-twist type, posing entrapment and privacy concerns to persons with disabilities. required operable with a single effort (closed fist). **[ADAAG 4.13.9**; *Title 24 1133B.2.1,* 1003.3.1.8] The door swings inward encroaching into required minimum 60" diameter clear space within the toilet room and also poses an entrapment hazard to persons with disabilities, required minimum 60" clearance in the direction of door swing. **[ADAAG 4.22.2, 4.13.6**; *Title 24 1133B.2.4, 1133B.2.4.2]* Clear space at the toilet (3'4" x 5'8") is inadequate,

required 48" x 60". **[ADAAG 4.22.3, 4.2.3;** *Title 24 1115B.7.2]* Grab bars (2'10") are above required 33" centered. **[ADAAG 4.16.4. 4.26;** *Title 24 1115B.8]* The toilet seat (16") is inadequate height, required 17"-to-19". **[ADAAG 4.16.3]** Toilet paper dispenser (2'4", required 17"-to-19", and seat covers (3'9" behind toilet), paper towel dispenser (5'0") and mirror (4'8"), maximum permissible 40", are beyond permissible reach range. **[ADAAG 4.22.7, 4.27;** *Title 24 1115B.9.3]* Knee clearance at the sink (none), is inadequate, required 27" H x 30" W x 19" D. **[ADAAG 4.24.3]** Faucets are grasp-twist type, required lever-operated, push-type, touch-type, or electronically controlled mechanisms. **[ADAAG 4.24.7, 4.27.4] Please see Exhibit A, Preliminary Site Inspection Dated March 22, 2003**. These barriers make it impossible for persons with mobility disabilities, such as the plaintiffs, to gain access to this facility.

## JURISDICTION

5. This Court have subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1343(a)(3) and 1343(a)(4) for claims arising under the Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, et. seq. Plaintiff's cause of action arose in this district U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE are residents of LIVERMORE, California.

6. Under the doctrine of pendant and supplemental jurisdiction, this Court have jurisdiction over plaintiffs' claims arising under California State law.

## VENUE

7. Pursuant to 28 U.S.C. section 1391(b), venue is proper in the District in which this complaint is filed, which is the judicial district in which the claim have arisen. 28 U.S.C. 1332(a)(1)(c)(1) Diversity of Citizenship upon information and belief AMERCO, a holding company for U-HAUL INTERNATIONAL, is a

resident of Phoenix, AZ, and a Arizona corporation.

## FACTUAL ALLEGATIONS

8. The Attorney General of the State of California believes that the former $1,000.00 damage award is unlikely to have sufficient deterrent effect on the discriminatory practices of a large company. DEFENDANT may have had hundreds or thousands of transactions that violated the Americans with Disabilities Act of 1990 and the California's Unruh Civil Rights Act and which would have unjustly enriched them. Thus, the prospect of paying an occasional four thousand dollars ($4,000.00) damage award due to a discriminatory practice may be calculated as an absorbable cost of doing business. The minimum amount was increased to at least $4,000.00. See California's Unruh Civil Rights Act Section 52(a), Amended January 1st, 2002. This legislation was supported by California Attorney General, Anti-Defamation League and California School Employees Association.

9. California's Unruh Civil Rights Act, Civil Code Section 52(a) reads as follows: Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5 or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000.00), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6. Amended January 1st, 2002.

10. The United States Court of Appeals for the Ninth Circuit in <u>Botosan</u> vs. <u>Paul McNally Realty</u>, 216 F.3rd 827 at 835 (June 20, 2000) held that, "Consumer was entitled to award of statutory minimum damages under California's Unruh Civil Rights Act, even without prove of actual damages", and "Proof of actual damages is not prerequisite to recovery of statutory minimum damages under

California's Unruh Civil Rights Act." West's Ann.Cal.Civ.Code §52.

11. Within the last year before the filing of this complaint, Plaintiff GEORGE S. LOUIE visited U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE and Plaintiff will visit this facility on a regular basis when it comes into compliance with state and federal law.

12. **U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE have the following violations**:

   a. **EXTERIOR ROUTE OF TRAVEL.** Required accessible route of travel from public sidewalks/public transportation stops is not provided.  Wheelchair users must enter the site by way for vehicular driveways and travel in the vehicular way to reach the store entrance, required most practical, direct accessible routes of travel coinciding with the route for the general public. **[ADAAG 4.3.2;** *Title 24 1114B.1.2]* Signage, directing users to and along an accessible route of travel is not posted, required at every primary public entrance and every major junction along or leading to an accessible route of travel.  **[ADAAG 4.1.2(7), 4.30.1, 4.30.4]**

   b. **PARKING.** Required site entrance parking enforcement signage is not posted, required conspicuously posted/information filled in.  *[Title 24 1129B.5]* There are two (2) accessible parking spaces o the site located at storage entrances. **[ADAAG 4.6.1;** *Title 24 1129B.2*; *Table 11B-6]* Stall widths (8' 8"-8'9", required minimum 8' are adequate.  Lengths (17'5"-20'2", required minimum 18' and access aisles (15'6"-9'7", required minimum 8' van-accessible, are adequate.  The access aisle of the accessible parking space nearest the store entrance is on the wrong (driver's) side. **[ADAAG 4.6.3;** *Title 24 1129B.4]*

Required parking *s*ignage is not posted.  **[ADAAG 4.1.2(7)(a), 4.6.4, 4.30.7;** *Title 24 1129B.5]*

c. **ENTRANCES and EXITS.** Required accessible signage is not posted, required at accessible entrances and approaching walkways. **[ADAAG 4.1.2(7)(c);** *Title 24 1117B.5.7]* Door Opening Force (14 LBF) exceeds maximum permissible 8 ½ LBF (Exterior doors). **[ADAAG 4.13.11;** *Title 24 1133B.2.5]* Emergency exits from storage areas do not connect to an accessible route. **[ADAAG 4.3.10, 4.3.11;** *Title 24 1114B.2*

d. **ACCESS TO GOODS AND SERVICES. Building Accessibility.** Store aisles are generally adequate width, required minimum 36" aisles serving one side/44" aisles serving both sides. *[Title 24 1133B.6.1, 1133B.6.2]* The service counter (3'9", maximum permissible 36") **[ADAAG** 7.2; *Title 24* 1110B.1] and Point of Sale card readers (4'5", maximum permissible 48", **[ADAAG 4.34;** *Title 24 1117B.7]* exceed permissible reach range.  An accessible height check-writing stand is provided.  There are no ground floor storage units.  Storage areas are accessible by stairs only.

e. **RESTROOMS, Single-Accommodation Toilet Room. [ADAAG 4.16, 4.17, 4.18, 4.19, 4.22, 4.24;** *Title 24 1115B]* Required accessible/Braille signage not posted, required door mounted and latch-side.  **[ADAAG 4.1.2(7)(d), 4.30.7;** *Title 24 1115B.5, 1117B.5.9]* Force required to open restroom door (11 LBF), exceeds maximum permissible 5 LBF. **[ADAAG 4.13.11;** *Title 24 1133B.2.5]* Door hardware is grasp-twist type, posing entrapment and privacy concerns to persons with disabilities required operable with a single effort (closed fist). **[ADAAG

> **4.13.9**; *Title 24 1133B.2.1,* 1003.3.1.8] The door swings inward encroaching into required minimum 60" diameter clear space within the toilet room and also poses an entrapment hazard to persons with disabilities, required minimum 60" clearance in the direction of door swing. **[ADAAG 4.22.2, 4.13.6**; *Title 24 1133B.2.4, 1133B.2.4.2]* Clear space at the toilet (3'4" x 5'8") is inadequate, required 48" x 60". **[ADAAG 4.22.3, 4.2.3;** *Title 24 1115B.7.2]* Grab bars (2'10") are above required 33" centered. **[ADAAG 4.16.4. 4.26;** *Title 24 1115B.8]* The toilet seat (16") is inadequate height, required 17"-to-19". **[ADAAG 4.16.3]** Toilet paper dispenser (2'4", required 17"-to-19", and seat covers (3'9" behind toilet), paper towel dispenser (5'0") and mirror (4'8"), maximum permissible 40", are beyond permissible reach range. **[ADAAG 4.22.7, 4.27;** *Title 24 1115B.9.3]* Knee clearance at the sink (none), is inadequate, required 27" H x 30" W x 19" D. **[ADAAG 4.24.3]** Faucets are grasp-twist type, required lever-operated, push-type, touch-type, or electronically controlled mechanisms. **[ADAAG 4.24.7, 4.27.4]**

13. The inaccessibility of U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE to persons with disabilities is illegal, degrading and humiliating.

14. Many of the actions which DEFENDANT failed to make U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE accessible to persons with disabilities were readily achievable, required by law, and would have greatly assisted persons with disabilities at little expense to DEFENDANT.

## PARTIES

15. Plaintiff GEORGE S. LOUIE is an individual with a physical disability

within the meaning of all applicable statutes, including the ADA, 42 United States Code section 12101, et seq., California Civil Code sections 54 et. seq., California Business and Professions Code sections 17200, et seq., and California Health and Safety Code sections 19955, et seq.  Plaintiff George LOUIE is a physically disabled or "physically handicapped" person who often requires use of a wheelchair to travel about in public places. Mr. LOUIE is a diabetic whose physical conditions required the amputation of his right leg in 1996. Although he sometimes can walk with the aid of a prosthesis, at other times difficulties with sores on the stump of his amputated leg, make use of the prosthesis difficult or impossible and requires that he use a wheelchair in order to travel about in public.

16. DEFENDANT U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE headquarters in LIVERMORE, CA is a for-profit partnership that owns, operates, maintains and/or controls retail establishments located in the City of LIVERMORE, County of ALAMEDA, State of California.

17. Plaintiffs are informed and believe, and therefore allege, that U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE business was newly built and/or underwent substantial remodeling, repairs or alterations after 1971.

18. DEFENDANT have known that U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE violated disability access requirements and standards, but have refused to rectify the violations.

## FIRST CLAIM

**(Violation of the Americans With Disabilities Act)**

19. Plaintiffs incorporate by reference herein the allegations in paragraphs

1-20, inclusive.

20. DEFENDANT' acts and omissions alleged herein are in violations of the ADA, 42 U.S.C. sections 12101, et. seq., and the regulations promulgated thereunder, 28 Code of Federal Regulations Part 36.

21. U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE is a public accommodation covered by Title III of the ADA.

22. DEFENDANT have failed to remove barriers to be accessed by persons with disabilities at U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE where such barriers are readily achievable.

23. DEFENDANT have failed to provide necessary auxiliary aids and services at U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE where provision of such auxiliary aids and services does not pose an undue burden.

24. DEFENDANT have failed to modify policies and procedures at U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE to ensure equal access for persons with disabilities.

25. DEFENDANT' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, DEFENDANT will continue to violate said law.  Said conduct, unless enjoined, will continue to inflict injuries for which plaintiffs have no adequate remedy at law.  Consequently, plaintiffs are entitled to injunctive relief pursuant to section 308 of the ADA (42 U.S.C. §12188).  Plaintiffs are also entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## SECOND CLAIM

**(Violation of Cal. Civ. Code §§54, et. seq.)**

26. Plaintiffs incorporate by reference herein the allegations in paragraphs 21-27, inclusive.
27. The SUBJECT FACILITY constitutes a public accommodation within the meaning of California Civil Code sections 54.1 and 54.3.
28. DEFENDANT have violated plaintiffs' rights by denying them full and equal access to and use and enjoyment of U-HAUL INTERNATIONAL, DBA U-HAUL CENTER LIVERMORE   and in doing so, DEFENDANT have acted willfully and maliciously.
29. DEFENDANT' actions constitute a violation of plaintiffs' rights under California Civil Code sections 54, et. seq., and therefore, plaintiffs are entitled to injunctive relief remedying the violations.  Plaintiffs are also entitled to damages under California Civil Code section 52(a).
30. Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

### THIRD CLAIM

### (Violation of Cal. Civ. Code §§51,and §§52(a) et.seq.)

31. Plaintiffs incorporate by reference herein the allegations in paragraphs 28-32, inclusive.
32. The conduct of DEFENDANT is in violation of California Civil Code sections 51, et. seq., the Unruh Civil Rights Act, in that patrons of the SUBJECT FACILITY who have physical disabilities have either not been provided services and facilities that are provided to other persons or have been provided services and facilities that are not equal to, and are inferior to, the services provided to persons who do not have disabilities.
33. DEFENDANT have committed additional violations of the Unruh Civil Rights Act, in that the conduct alleged herein constitutes a

violation of various provisions of the ADA, 42 U.S.C. sections 12101, et. seq., as set forth below.

34. The conduct of the DEFENDANT was and is in violation of the Unruh Civil Rights Act, California Civil Code sections 51, et. seq., and therefore Plaintiffs are entitled to injunctive relief remedying the violations. Plaintiffs are also entitled under California Civil Code section 52 to damages.

35. Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

### FOURTH CLAIM

### (Violation of Cal. Health & Safety Code §§19955, et. seq.)

36. Plaintiffs incorporate by reference herein the allegations in paragraphs 33-37, inclusive.

37. The SUBJECT FACILITY is a public accommodation within the meaning of California Health and Safety Code section 19955 and DEFENDANT have constructed and/or altered the SUBJECT FACILITY within the meaning of California Health and Safety Code section 19959. The actions of DEFENDANT constitute a denial of access to and use of the SUBJECT FACILITY by persons with physical disabilities.

38. DEFENDANT' failure to fulfill its duty to provide access have caused Plaintiffs to suffer injury.

39. As a result of DEFENDANT' violation of Health and Safety Code sections 19955, et. seq., described herein, Plaintiffs are entitled to injunctive relief pursuant to Health and Safety Code section 19953.

WHEREFORE, Plaintiffs request relief as set forth below.

## FIFTH CLAIM

### (Unfair Business Practice – Injunctive Relief Only; Cal. Bus. & Prof. Code §§17200, et. seq.)

40. Plaintiffs incorporate by reference herein the allegations in paragraphs 38-41, inclusive.

41. DEFENDANT' conduct, as alleged, is part of a general business practice by DEFENDANT.  DEFENDANT have made a considered decision to promote profit at the expense of DEFENDANT' legal obligations to patrons with disabilities.

42. DEFENDANT' policies and practices constitute an unfair business practice within the meaning of California business and Professions Code sections 17200, et. seq., in that inter alia, DEFENDANT appeals to, advertises to, and purports to serve persons with disabilities, yet DEFENDANT' facility is inaccessible and illegal, in violation of public policy.

43. Plaintiffs are entitled to an injunction restraining DEFENDANT from engaging in any act or omission, or failing to engage in any act or omission, the effect of which is to cause, directly or indirectly, discrimination by DEFENDANT against persons with disabilities.

44. Plaintiffs are also entitled to attorney's fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

### SIXTH CLAIM
### (Negligence)

45. Plaintiffs incorporate by reference herein the allegations in paragraphs 42-46, inclusive.

46. DEFENDANT had and continues to have a duty to exercise ordinary care.
47. DEFENDANT failed, and continues to fail, to exercise ordinary care.
48. As an actual and proximate result of DEFENDANT' failure to exercise ordinary care, Plaintiffs suffered damages is an amount to be determined by proof.
49. At all times relevant hereto, there was in effect, the Americans With Disabilities Act, California Civil Code sections 51, et. seq., California Civil Code sections 54, et. seq., and California Health and Safety Code sections 19955, et. seq., all of which have required that public accommodations and facilities provide services to people with disabilities which are equal to, and are not inferior to, the services provided to patrons who are not physically disabled.
50. DEFENDANT' acts and omissions alleged herein, are in violation of statutory requirements (including, but not limited to, the Americans With Disabilities Act, California Health and Safety Code sections 51, et. seq., California Business and Professions Code section 17200, et. seq., and public policy, which statues are designed to protect persons with disabilities from the type of harm inflicted on Plaintiffs.
51. DEFENDANT' conduct thus constitutes negligence and negligence per se.

WHEREFORE, Plaintiffs request relief as set forth below.

### SEVENTH CLAIM

**(Declaratory Relief)**

52. Plaintiffs incorporated by reference herein the allegations in paragraph 47-53, inclusive.
53. Plaintiffs contend, and are informed and believe that DEFENDANT

denies that the SUBJECT FACILITY fails to comply with applicable laws prohibiting discrimination against persons with disabilities and are in violation of statues including, but not limited to, California Civil Code sections 54, et. seq., California Civil Code sections 51, et. seq., the ADA, Business and Professions Code section 17200, et. seq., and California Health and Safety Code sections 19955, et. seq.

54. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiffs request relief as set forth below.

### EIGHTH CLAIM
### (VIOLATION OF CALIFORNIA CIVIL CODE, SECTION §3345, UNFAIR OR DECEPTIVE PRACTICES AGAINST SENIOR CITZENS OR DISABLED PERSONS, TREBLE DAMAGES)

55. Plaintiffs incorporate by reference paragraphs 54-56 above.

56. This section shall apply only in actions brought by, on behalf of, or for the benefit of senior citizens or disabled persons as those terms are defined in subdivisions (f) and (g) of Section 1761, to redress unfair or deceptive acts or practices or unfair methods of competition.

57. Whenever a trier of fact is authorized by a statute to impose either a fine, or a civil penalty or other penalty, or any other remedy the purpose of effect of which is to punish or deter, and the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the trier of fact shall consider all of the following faction, in addition to other appropriate factors, in determining the amount of fine, civil penalty or other penalty, or other remedy in an amount up to three

times greater than authorized by the statute, or, where the statute does not authorize a specific amount, up to three time greater than the amount the trier of fact would impose in the absence of that affirmative finding:

58. The defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment as follows:

1. An order and judgment enjoining DEFENDANT from violating the ADA, 42 United States Code sections 12101, et. seq., California Civil Code sections 51, et. seq., California Health and Safety Code sections 19955, et. seq., and California Business and Professions Code sections 17200, et. seq.;

2. A declaration that the SUBJECT FACILITY is designed and operated in a manner which discriminates against persons with physical disabilities and which fails to provide full access for persons with disabilities as required by law;

3. Damages in an amount to be determined by proof;
4. Damages pursuant to California Civil Code sections 52(a) and section 1021.5 Code of Civil Procedure;
5. Treble damages pursuant to California Civil Code section 3345;
6. Pre-judgement interest pursuant to section 3291 of the Civil Code;
7. All damages as afforded by Civil Code section 54.3 for which the DEFENDANT have denied to Plaintiff equal access for the disabled;
8. Plaintiff's reasonable attorney's fees and costs;
9. Such other and further relief as the Court deems just and proper.

DATED: April 3, 2003

                                                  J. GRANT KENNEDY, Esq.
                                                  Attorney for Plaintiffs
                                                  Americans With Disabilities
                                                  Advocates, and George S. Louie

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demands a jury for all claims for which a jury is permitted.

Dated: April 3, 2003

                                                  J. GRANT KENNEDY, Esq.
                                                  Attorney for Plaintiffs
                                                  Americans With Disabilities
                                                  Advocates, and George S. Louie